IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50830
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

REYES ZAPATA-GARCIA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-99-CR-631-1-WWJ
--------------------
April 12, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Represented by the Federal Public Defender, Reyes Zapata-Garcia (Zapata), a/k/a Reyes Zapata-Sandoval, a/k/a Zapata Reyes-Garcia, appeals his 63-month sentence imposed following his jury-trial conviction for illegal reentry subsequent to deportation. See 8 U.S.C. § 1326.

Zapata contends that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the indictment and proved by the prosecution to the jury beyond a reasonable

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

doubt. Zapata acknowledges that his argument is foreclosed by the Supreme Court's decision in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in <u>Apprendi v. New Jersey</u>, 120 S. Ct. 2348 (2000). He also attempts to distinguish <u>Almendarez-Torres</u> based on the procedure resulting in the conviction: Zapata was convicted by a jury, and the defendant in <u>Almendarez-Torres</u> was convicted pursuant to a guilty plea. <u>See</u> <u>Almendarez-Torres</u>, 523 U.S. at 227. The asserted distinction is unpersuasive.

<u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. <u>See</u> <u>Apprendi</u>, 120 S. Ct. at 2362; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>cert. denied</u>, 121 S. Ct. 1214 (2001). Zapata's argument is foreclosed. The judgment of the district court is AFFIRMED.